IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ERIC J. FEIGHT,
                Defendant.

Criminal Action No.
14-CR-12 (GLS)

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant within the recommended Guideline range, subject to the statutory maximum of 15 years. This defendant has pleaded guilty to a terrorism offense, admitted conspiring with Glendon Scott Crawford ("Crawford") to assist him in modifying a powerful industrial-grade x-ray device believing that it would be used to injure or kill unknown human targets based on their religion or political views, and designed, built, bench-tested, and delivered to Crawford a functioning remote initiation device that he believed Crawford was about to integrate into an x-ray radiation device he (Crawford) was about to obtain access to. At his first meeting with Crawford and two individuals he then believed were associated with the Ku Klux Klan ("KKK") willing to fund or otherwise acquire an x-ray radiation device, at an Albany area coffee shop on November 14, 2012, the defendant recounted his understanding of how the x-ray device was to be used (transported to a target location, remotely activated, and where the human target(s) would "not gonna know about it until

1

sometime later"), and then said this:

> . . . I don't want to say apprehension, but nervousness about how much involvement I was gonna get in this kind of got outweighed, uh, quickly with, you know, when I started seeing how things, the direction things were going and then certainly after the elections.  It's like well, okay, you know, that old saying is right. You know, the only thing necessary for evil to triumph is for good men to do nothing. . . . And I've done nothing for a lot of years, but just shoot my mouth off and I . . .   see how effective that's been . . . So, although I would still like to maintain as much plausible deniability as I can, ah, like you say, you know, [in] for a penny [in] for a pound so, ah . . .

PSR at ¶¶ 54-55.

The defendant shared Crawford's hateful view that the government was too lenient towards Muslims in the United States and that they needed to act to supposedly save their country, meaning take matters into their own hands and kill or injure Muslims in America. His agreement and actions clearly were intended to promote federal crimes of terrorism. Had those "KKK" associates the defendant and Crawford met with on November 14, 2012 in the Albany area not been undercover FBI employees, but real individuals willing to assist in getting a lethal x-ray device, innocent people may have become targets and killed or seriously injured – all with the knowing participation and active assistance of the defendant.

Consequently, the Court should impose a substantial term of imprisonment in this case, as limited by the statutory maximum under 18 U.S.C. § 2339A(a).

# I

## INTRODUCTION

On January 22, 2014, the defendant entered a guilty plea to Count 1 of Information 14-CR-12 (GLS), which charged a violation of 18 U.S.C. § 2339A(a).  The United States submits this Memorandum in anticipation of sentencing, which is scheduled for September 17,

2015.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.     Statutory Maximum Sentence

The defendant's conviction for providing material support to terrorists, in violation of 18 U.S.C. § 2339A(a) subjects the defendant to a statutory maximum term of fifteen years imprisonment; a maximum life term of supervised release (18 U.S.C. § 3583(j) and 18 U.S.C. § 2332b(b)(g)(5)(B)-); and a fine of $250,000 (18 U.S.C. § 3571(b)). Restitution is not applicable in this case. 18 U.S.C. § 3663.

2.     Guidelines Provisions

   a.     Plea Agreement

Pursuant to a written plea agreement, filed in this Court on January 22, 2014, the parties stipulated and agreed that the defendant's base offense level is 28, pursuant to U.S.S.G. § 2M6.1(a)(2).  Plea Agreement, ¶ 6a. The parties further stipulated and agreed that the adjusted offense level is increased by two additional levels because the defendant used his special skills in electrical engineering and industrial automation to facilitate the commission of the offense, pursuant to U.S.S.G.  § 3B1.3 Plea Agreement, ¶ 6b. The parties also stipulated that the adjusted offense level is increased by three additional levels as the defendant intentionally participated in a conspiracy intended to target Muslims with a remotely-operated radiation device, pursuant to U.S.S.G. § 3A1.1(a). The parties reserved the right to move for or contest the application of U.S.S.G. § 3A1.4 and Application Note 4 of that guideline. The Government agreed that it would recommend a 2-level downward adjustment to the applicable federal sentencing guidelines

offense level pursuant to U.S.S.G. § 3E1.1(a) if the defendant continues to demonstrate acceptance of responsibility and commits no further crimes, including obstruction of justice as defined in U.S.S.G. § 3C1.1, up through the time of sentencing. Plea Agreement, ¶ 6e.  The Government further agreed that it would move for an additional 1-level downward adjustment pursuant to conditions set forth in U.S.S.G. § 3E1.1(a). Plea Agreement, ¶ 6f.

The United States does not endorse any recommendations in the presentence report that are inconsistent with these stipulations or other provisions in the plea agreement.

    b.    Offense Level

The government has no objection to the offense level calculations in the amended PSR, including the Addendum To The Presentence Report dated July 30, 2014, resulting in a total Guidelines offense level of 42.  PSR ¶¶ 205-215.

The PSR finds that the Victim Related Adjustment set forth at § 3A1.4, the so-called terrorism enhancement, applies here and increases the offense level by 12 levels.  PSR ¶ 208. The Government concurs. The application of that 12 level increase to the other Guideline calculations set forth in the PSR at  ¶¶ 205-215 result in the Guidelines offense level of 42.

    c.    Criminal History Category

According to the presentence report, the defendant's criminal history score is 0,  PSR ¶ 219, which would establish a Criminal History category of I.  However, because the Victim Related Adjustment set forth in U.S.S.G. § 3A1.4 applies here, the Criminal History category is VI.  U.S.S.G. § 3A1.4.

    d.    Guidelines Range and Sentence

As a result of the calculations in the PSR, the defendant's total offense level is 42, with a

4

criminal history category of VI, the defendant's advisory Guidelines range of imprisonment is 360 to life; a fine of range of $25,000 to $250,000; and a supervised release term of not more than life. However, because 18 U.S.C. § 2339A(a) provides for a statutory maximum sentence of 15 years, which is less than the minimum of the applicable guideline range, the guideline term of imprisonment is 180 months.

      e.      U.S.S.G. §3A1.4 Applies Here, And The Defense Opposition To Its Application Is Unfounded

U.S.S.G. § 3A1.4 requires proof of two elements: (1) the defendant must have been convicted of an offense that involved or was intended to promote a federal crime of terrorism; and (2) the offense must have been "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." A "federal crime of terrorism" is defined in 18 U.S.C. § 2332b(g)(5). The motivational requirement is satisfied if the *offense itself* was motivated by politics or the desire to influence the government, even if the defendant's own personal motivations cannot be proven. *United States v. Awan*, 607 F.3d 306, 318 (2d Cir. 2010). s*ee also United States v. El-Mezain*, 664 F.3d 467, 571 (5th Cir. 2011); *United States v. McDavid*, 396 Fed. App'x. 365, 372 (7th Cir. 2010). In *Awan*, the Second Circuit found that the "application of § 3A1.4 . . . does not require a finding that [the defendant] was personally motivated by a desire to influence or affect the conduct of government. Rather, the government need only demonstrate that [the defendant] intended to promote a crime calculated to have such an effect, . . . whatever [the defendant's] reason for committing them." *Awan,* at 315-16. The PSR identifies, at ¶54 and elsewhere, and the Plea Agreement at ¶ 5, particularly at ¶5c, the defendant's view that he was, by his active and direct participation in this

plot with Crawford, going to end his inaction in politics and history of "do[ing] nothing." He chose to join in, create and deliver to Crawford a bench-tested and working remote initiation device for the radiation killing machine, work with individuals he believed were in the KKK and interested in killing Muslims, and to advance the lethal plot – all "when I started seeing how things, the direction things were going and then certainly after the elections." The offense was motivated by politics, and he was motivated by politics.   The Guidelines calculations set forth in the PSR are correct.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION

We acknowledge that the defendant was cooperative and admitted his guilt after he was arrested, that he entered a timely guilty plea, and that he has expressed remorse for his criminal conduct underlying his conviction. We further acknowledge the substantial hardship his arrest and incarceration has had on his wife and family. Because of the extreme nature of the offense conduct here, however, and based on all of the information before the Court, the Government respectfully requests that the Court impose a within-Guidelines sentence, capped by the statutory maximum under 18 U.S.C. § 2339A.

Respectfully submitted this 26th day of August, 2015,

RICHARD S. HARTUNIAN  
United States Attorney  
By:     /s/ *Stephen C. Green*  
          /s/ *Richard D. Belliss*  
Stephen C. Green  
Richard D. Belliss  
Assistant United States Attorneys  
Bar Roll No. 507767  
Bar roll No. 515295

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**UNITED STATES OF AMERICA,**

    **v.**

**Criminal Action No.
14-CR-12 (GLS)**

**ERIC J. FEIGHT,**

                       **Defendant.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2015 I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent copies of said documents via ECF to the following:

    Peter J. Moschetti, Jr.


                                 /s/

                              Paula Briggs